*E-FILED 08-02-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAUFMAN & BROAD MONTEREY BAY; KB HOME SOUTH BAY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, <br><br> Defendant. | No. C10-02856 EJD (HRL) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR REASONABLE EXPENSES** <br><br> [Re: Docket No. 82] |

This court granted plaintiffs' four motions to compel defendant Travelers Property Casualty Company of America (Travelers) to provide deposition testimony, produce documents, and answer interrogatories. (Docket No. 70, June 2, 2011 Order). In sum, Travelers resisted discovery on the ground that the information sought was irrelevant, private, and protected by the attorney-client privilege and the attorney work product doctrine. For the most part, this court rejected Travelers' objections, but defendant was given an opportunity to serve an amended privilege log. (Id.).

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), plaintiffs now move for an order requiring Travelers to pay $32,231.50 in attorneys' fees and costs incurred in bringing those motions, as well as fees and costs for the instant motion.[1] Travelers opposes the motion. The matter was

---

[1] Separately, plaintiffs have moved for an order enforcing the June 2, 2011 Order. This court will address that motion in another order.

1  deemed suitable for determination without oral argument.  Civ. L.R. 7-1(b).  Upon
2  consideration of the moving and responding papers, this court grants the motion in part and
3  denies it in part.

4  If a motion to compel discovery or disclosure is granted, the court must, after giving an
5  opportunity to be heard, require the party or attorney (or both) whose conduct necessitated the
6  motion to pay the moving party's reasonable expenses, including attorney's fees, incurred in
7  making the motion, unless (1) the moving party filed the motion without first making a good
8  faith attempt to resolve the matter without court intervention; (2) the opposing party's
9  nondisclosure or objection was substantially justified; or (3) other circumstances make such an
10 award unjust.  Fed. R. Civ. P. 37(a)(5)(A).

11 Here, this court finds that some award of fees and expenses is warranted.  Additionally,
12 this court is well familiar with the range of rates customarily charged by attorneys practicing
13 before it, and the stated hourly rates are within the range for cases of this magnitude and
14 complexity.  Nevertheless, this court is unpersuaded that plaintiffs are entitled to the full
15 amount of fees claimed.  This court declines to award fees incurred in meet-and-confer
16 negotiations.  That is an effort parties are expected—indeed, required—to undertake, whether or
17 not the negotiations ultimately lead to a motion seeking relief.  Moreover, this court agrees that
18 considerable portions of the underlying discovery motions are duplicative of one another.
19 Accordingly, the requested fees will be further reduced by a third.

20 Within 14 days from the date of this order, Travelers shall pay to plaintiffs $18,927.50
21 for fees and expenses incurred.

22 SO ORDERED.

23 Dated: August 2, 2011

25 HOWARD R. LLOYD
   UNITED STATES MAGISTRATE JUDGE

2

5:10-cv-02856-EJD Notice has been electronically mailed to:

Abel Eric Aguilera    eaguilera@bmkalaw.com, krickard@bmkalaw.com, travelers@bmkalaw.com

Bonnie Tara Roadarmel    bonnie.roadarmel@ndlf.com

Caroline Elizabeth Siefert    caroline.siefert@ndlf.com

Chanmaly Kendie Schlecht    kendie.schlecht@ndlf.com

James Stephen Hultz    james.hultz@ndlf.com

Rondi Jan Walsh    rondi.walsh@ndlf.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.