UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAUFMAN & BROAD MONTEREY BAY, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, <br><br> Defendant. | Case No.: 5:10-CV-2856 EJD <br><br> **ORDER DENYING MOTION TO STRIKE** <br><br> **(Re: Docket No. 137)** |

Currently before the court is Plaintiffs and Counter-Defendants Kaufman & Broad Monterey Bay and KB Home South Bay, Inc.'s (collectively "KB Home") motion to strike portions of Defendant and Counterclaimant Travelers Property Casualty Company of America ("Travelers") Amended Answer. Specifically, KB Homes moves to strike a portion of the Eighteenth Affirmative Defense and the entirety of the Thirtieth, Thirty-First, and Thirty-Second Affirmative Defenses. The court finds that this motion is appropriate for determination without oral argument. See Civil L.R. 7-1(b). For the reasons discussed below, the motion is DENIED.

## BACKGROUND

On May 27, 2010, KB Homes filed this action in the Superior Court of California, County of Monterey. On June 29, 2010, the case was removed to this court. On June 29, 2010, Travelers filed its Answer. On August 31, 2011, the court granted Travelers' unopposed motion for leave to file counter-claims for reimbursement, unjust enrichment, breach of contract, and declaratory relief.

1

Docket No. 115. The court ordered Travelers to amend its Answer "to add the counter-claims and any additional allegations necessary to support such claims." Id.

On September 16, 2011, Travelers filed its Amended Answer adding these counter-claims. Travelers also added one sentence to its Eighteenth Affirmative Defense and three entirely new affirmative defenses as its Thirtieth, Thirty-First, and Thirty-Second Affirmative Defenses (collectively the "newly-added affirmative defenses"). See Docket No. 126. These newly added affirmative defenses and the amendment to the Eighteenth Affirmative Defense essentially allege that KB acted in bad faith and failed to fulfill its duty to cooperate with Travelers.

On September 30, 2011, KB Homes filed this motion to strike on the basis that the newly-added affirmative defenses were filed without leave and KB Homes would be prejudiced because it the discovery cut-off date, May 27, 2011, had already passed. On December 12, 2011, the court ordered that additional discovery could be conducted with regard to the new claims in Travelers' Amended Answer. In its opposition to the motion, Travelers did not contest that it added the newly-added affirmative defenses without leave, and Travelers requested leave to amend their answer to plead the newly-added affirmative defenses if the court strikes them as improperly filed. In its reply, KB Homes acknowledged that it may now conduct discovery related to Travelers' newly-added affirmative defenses and did not object to Travelers' request to file a Second Amended Answer that contains these newly-added affirmative defenses.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 15(a)(2), Travelers was required to obtain either KB Homes' written consent or leave of court before amending its pleadings. The court granted Travelers leave to amend its answer to add counter-claims. Travelers exceeded the scope of its leave to amend and improperly pleaded its newly-added affirmative defenses.

The court, however, may choose not to strike the pleading in the interests of judicial economy, see Manzano v. Metlife Bank N.A., No. 2:11-651 WBS DAD, 2011 WL 2080249, at *3 (E.D. Cal May 25, 2011) (collecting cases), especially when "leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change." Charles Alan Wright et al., Federal Practice & Procedure § 1484 (3d ed.

2

2010) (observing that "[p]ermitting an amendment without formal application to the court under these circumstances is in keeping with the overall liberal amendment policy of Rule 15(a) and the general desirability of minimizing needless formalities"). Here, KB Homes has no objection to Travelers' being permitted to plead these newly-added affirmative defenses. KB Homes acknowledges that the prejudice it initially cited has been avoided by the court's December 12, 2011 order allowing additional discovery. Thus, in the interest of judicial economy, the court declines to strike the newly-added affirmative defenses. Accordingly,

IT IS HEREBY ORDERED that KB Homes' motion to strike is DENIED.

Dated: Lcpwct{"33."4234



EDWARD J. DAVILA
United States District Judge

3

Case No.: 5:10-CV-2856 EJD
ORDER DENYING MOTION TO STRIKE