1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAUFMAN & BROAD MONTEREY BAY, ET AL.,<br><br>                    Plaintiffs,<br><br>    v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>                    Defendant. | Case No.: 5:10-CV-2856 EJD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>**(Re: Docket Nos. 106, 113)** |

Pending before the court is Plaintiff Kaufman & Broad Monterey Bay and Plaintiff KB Home South Bay, Inc.'s (collectively "KB Home") Motion for Partial Summary Judgment and Defendant Travelers Property Casualty Company of America's ("Travelers") Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment.  For the reasons discussed below, KB Home's motion is GRANTED and Travelers' motion is GRANTED IN PART and DENIED IN PART.

## I.      BACKGROUND

### A.  Norcraft Policies

Travelers issued the following commercial general liability policies to Norcraft Companies,

Case No.: 5:10-CV-2856 EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND
GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

L.P., ("Norcraft") a cabinet installer: TC2J GLSA 118D0207-TIL-02 (effective 12/31/02 to 10/21/03); TC2J GLSA 118D2170-TIL-03 (effective 10/21/03 to 10/21/04); TC2J GLSA 118D2170-TIL-04 (effective 10/21/04 to 10/21/05); and TC2J GLSA 118D2170-TIL-05 (effective 10/21/05 to 10/21/06) ("Norcraft policies"). See Decl. Richard J. Carrillo ¶5, Ex. A-D, Docket No. 107. The Norcraft policies provide coverage for "property damage" arising out of an occurrence that takes place in the coverage territory and that occurs during the policy period. See id. Ex. A at TRVC-000571, Ex. B at TRVC-000015, Ex. C at TRVC-000219, and Ex. D at TRVC-000400. The policies define property damage as:

> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

See id. Ex. A at TRVC-000581, Ex. B at TRVC-000025, Ex. C at TRVC-000233, and Ex. D at TRVC-000414.

The Norcraft policies, however, exclude coverage for "'[p]roperty damage' to 'your product' arising out of it or any part of it" and "'[p]roperty damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.'" Id. Ex. A at TRVC-000573, Ex. B at TRVC-000017, Ex. C at TRVC-000223, and Ex. D at TRVC-000404.

The Norcraft policies each contain a blanket additional insured endorsement form, which reads in pertinent part:

> 1. WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization (called "additional insured") with whom you have agreed in a written contract, executed prior to loss, to name as an additional insured, but:
> a. Only with respect to liability because of "bodily injury" or "property damage" arising out of "your work" for that additional insured performed by you or for you; and
> b. Subject to any limitations in the written contract regarding the scope of the additional insured status. . .

Id. Ex. A at TRVC-000615, Ex. B at TRVC-000059, Ex. C at TRVC-000255, and Ex. D at TRVC-000438.

Case No.: 5:10-CV-2856 EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

**B. Subcontract and <u>Aldrich</u> Action**

On or about January 22, 2003, and February 5, 2003, KB Home and Norcraft entered into subcontracts to furnish, deliver and install cabinets at certain homes within two housing developments in Monterey, California. Decl. Patricia E. Dlugokenski ¶2, Exs. A, B, Docket No. 108. The subcontracts required Norcraft to name KB Home as an additional insured under its commercial general liability policies. <u>Id.</u> ¶2, Exs. A, B.

On October 21, 2008, a number of homeowners commenced a lawsuit in Monterey County Superior Court against KB Home, <u>Aldrich, et al. v. KB Home, et al.</u> Case No. M-92290 ("<u>Aldrich</u> Action"). <u>Id.</u> ¶5, Ex. C. The homeowners alleged a number of construction defects, including "cabinet and wood trim" defects, that resulted in damage to the homes and their component parts. <u>Id.</u> Ex. C ¶ 17. KB Home filed a cross-complaint against various parties, including Norcraft, alleging among other things that Norcraft is contractually required to defend and indemnify KB Home with regard to the <u>Aldrich</u> action. <u>See id.</u> Ex. F.

**C. Travelers' Acceptance, Withdrawal, and This Action**

On April 1, 2009, Glaspy & Glaspy, counsel for KB Home, tendered the defense and indemnity of KB Home as additional insureds under the Norcraft policies in the <u>Aldrich</u> action. <u>Id.</u> ¶6, Ex. D. This initial tender included copies of the original Complaint, First Amended Complaint, KB Home's Cross-Complaint, a Stipulation and Order of Reference to the Special Master, the Subcontract and additional insured documentation. <u>Id.</u> ¶¶6, 7, Exs. A, B, E, F, G.

On April 6, 2009, Patricia E. Dlugokenski ("Dlugokenski"), a senior technical specialist for Travelers acknowledged receipt of the tenders and requested additional information including: a statement of claims or documentation related to the alleged defects and deficiencies; expert investigation reports into defects or damages; current pleadings and any CMO or PTO documents; and the location of any document depository. <u>Id.</u> Ex. H. at KB COV10097. On April 6, 2009, in response, KB Home provided an updated Homeowner matrix, the amended complaint, and the dismissal of one of the plaintiffs' homes. KB also informed Travelers that the PTO has not yet been

3

Case No.: 5:10-CV-2856 EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    filed and there is no defect list but that KB Home would forward the defect list as soon as it is

2    received. Id. Ex. J.

3         On July 6, 2009, Dlugokenski noted in the internal Claims Notes that "it is likely some,

4    although minor damages resulted from [cabinet] installation. Damages to the walls or pulling away

5    from the walls could be attributed to installation." Id. Ex. I at Entry of 7/6/09. Also on July 6, 2009,

6    Dlugokenski issued a letter accepting KB Home's tender as additional insureds under the Norcraft

7    policies. Id. Ex. K. The letter also requested information that would assist Travelers in its

8    evaluation of the demand for payment of defense expenses, such as contact information for all

9    carriers who have been provided a tender of defense, their responses, the amounts they have paid,

10   the percentage they agreed to pay, a litigations budge, and an additional insured matrix showing the

11   carriers tendered as well as their responses. Id.

12        On October 20, 2009, Dlugokenski sent an email to KB Homes' counsel requesting

13   "documentation of damage caused by our named insured (defect report, etc.)" Id. Ex. L. KB

14   Home's counsel informed Travelers that no defect list was available to date. See Dlugokenski Decl.

15   Ex. I at Entry 10/22/2009.

16        On November 5, 2009, Tom Frazier ("Frazier"), Travlers' unit manager conducted a review

17   of KB Home's tenders and found that they lacked documentation of damage or liability arising out

18   of Norcraft's work. Decl. Tom Frazier ¶ 5, Docket No. 109; see id. Ex. I at Entry 11/05/2009.

19        On December 1, 2009, KB Home contacted Travelers about its outstanding balance and

20   requested payment. On December 10, 2009, Dlugokenski responded with a single-sentence email

21   stating, "We will be withdrawing our acceptance." Id. Ex. M.

22        On February 9, 2010, Hartford Casualty Company ("The Hartford"), another insurance

23   company, accepted KB Home's tenders of defense and issued a payment of $30,000 for KB

24   Home's defense in the Aldrich action. See Chao Decl. ¶4, Exs. U, CC. Despite repeated requests,

25   The Hartford made no further payments. Decl. Mary Kay Glaspy ¶ 11, Docket No. 13.

26

27

28

4

On March 9, 2010, Dlugokenski sent a letter to KB Home advising that Travelers was withdrawing from KB Home's defense. Dlugokenski Decl. ¶14, Ex. N. In the letter Dlugokenski states that,

> "Our review of the information received to date reveals an absence of allegations that give rise to a potential of 'property damage' sustained by plaintiffs arising out of the product provided or the work performed by Norcraft. Absent the aforementioned potential of 'property damage," coverage cannot be extended to KB to the above action under the Norcraft policies pursuant to the applicable endorsements. . . . if you have any information you believe might later Travelers' position, please send copies of said documentation."

Id.

On May 27, 2010, KB Home filed this action against Travelers for 1) declaratory relief; 2) breach of contract; and 3) breach of the implied covenant of good faith and fair dealing. On June 29, 2010, Travelers answered the complaint and removed the action to this court.

On July 8, 2010, Fred Adelman, counsel for the Aldrich plaintiffs, signed a letter stating that "[t]he plaintiffs in this action are pursuing recovery for damages arising out of the cabinets." Chao Decl. Ex. W. Counsel for KB Home supplied this letter to counsel for Travelers and asked that Travelers reconsider its withdrawal. Id. On July 23, 2010, Travelers' counsel informed KB Home that the documentation provided including the July 8, 2010 letter was insufficient to trigger a duty to defend and requested documentation demonstrating the existence of covered property damage, such as a preliminary defect list, a statement of claims, or relevant investigation reports. Id. ¶ 7.

On August 4, 2010, KB Home provided the Aldrich plaintiffs' preliminary defect list regarding cabinets, entitled "Aldrich, et al. v. KB Home, et al., Preliminary Defect List." Chao Decl. X. This document consists of a list of defects and resulting damages from Norcraft's work installing cabinetry. The "Defect List" includes damage and wearing to the base, door, drawer, and finish of the cabinets. Id. The "Resulting Damage" includes gouging of drywall and interior painting and cracking and separation of drywall and caulking. Id.

On December 17, 2010, based on the August 4, 2010 defect list, Travelers sent a letter to KB Homes in which it "agree[d] to participate in the defense of KB Homes as an additional insured

5

Case No.: 5:10-CV-2856 EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND
GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

United States District Court
For the Northern District of California

from August 4, 2010 forward." Dlugokenski Decl. ¶15, Ex. O. In this letter, Travelers informed KB Home that it was appointing Christian Lucia of Seller Hazard Manning Ficenac & Lucia ("Sellar Hazard") to represent KB Home in the <u>Aldrich</u> action. Travelers added that "[i]f KB Home wishes to continue to retain Glaspy & Glaspy to provide it with a defense it may do so, but at its own expense." <u>Id.</u>

On January 4, 2011, KB Home sent a letter to Travelers stating that Travelers has forfeited any right to control KB Home's defense because it breached its duty to defend KB Home. Chao Decl. ¶9, Ex. Y. KB Home also stated that Sellar Hazard had "a clear conflict of interest and is currently representing a subcontractor directly adverse to KB Home in a pending construction defect lawsuit entitled <u>Chada v. KB Home</u>, San Joaquin County Superior Court case No. 39-2009-00232688-CU" and that "[u]nder no circumstances will KB Home waive this conflict." <u>Id.</u>

On January 28, 2011, Travelers issued payment of $73,654.54 to KB Home as payment for its one-half share of KB Home's defense fees and costs in the <u>Aldrich</u> action pursuant to its equal shares allocation with The Hartford. Dlugokenski Decl. ¶14, Ex. P. On July 19, 2011, Norcraft and the <u>Aldrich</u> plaintiffs reached a settlement in the <u>Aldrich</u> action by the terms of which plaintiffs agreed to an issue release related to all cabinet issues, in exchange for the lump sum payment of $30,000. Decl. Deborah Ann Taylor ¶ 3, Docket No. 117. Travelers claims that, as of August 25, 2011, it had paid in excess of $187,418 in the defense of KB Home in the <u>Aldrich</u> action, which it claims is the amount of "all outstanding invoices presented." Dlugokenski Decl. ¶17. Travelers has paid in excess of $187,418, and The Hartford has paid $30,000. <u>Id.</u>; Chao Decl. ¶4, Ex. CC.

On August 26, 2011, KB Home filed its Motion for Partial Summary Judgment. Also on August 26, 2011, Travelers filed is Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment. On September 16, 2011, Travelers filed counterclaims against KB Homes for reimbursement, unjust enrichment, breach of contract, and declaratory relief.

## II. LEGAL STANDARDS

Entry of summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

Case No.: 5:10-CV-2856 EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

56(a). Summary judgment should be granted if the evidence would require a directed verdict for the moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 251 (1986). Thus, "Rule 56[ ] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." <u>Anderson</u>, 477 U.S. at 255. However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." <u>Id.</u> at 252. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007).

### III. DISCUSSION

KB Home seeks partial summary judgment that (1) Traveler's duty to provide KB Home a defense was triggered from the date of tender, April 1, 2009; (2) Travelers breached its duty to provide KB Home a defense; and (3) belated payment of the costs of the defense in the <u>Aldrich</u> action did not cure Traveler's breach of its duty to defend KB Home.

Travelers seeks summary judgment in its favor on KB Home's breach of contract claim because (1) KB Home breached its duty to cooperate by refusing to accept Travelers' appointed counsel; (2) KB Home cannot prove a duty was owed when Travelers denied coverage because Travelers' duty to defend had not been triggered; (3) KB Home has not presented any evidence of resulting damages. Travelers seeks summary judgment in its favor on KB Home's breach of covenant of good faith and fair dealing because (1) Travelers never withheld benefits due under the policy; (2) Any delay in paying benefits was based on a genuine dispute regarding coverage; and (3) Travelers conducted a reasonable investigation of KB Home's tender.

Case No.: 5:10-CV-2856 EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND
GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

Because the parties seek summary judgment or partial summary judgment on many of the same issues, the court addresses the arguments as they relate to each cause of action instead of addressing each motion separately.

**A. Breach of Contract**

The essential elements of a breach of contract claim are: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." Hamilton v. Greenwich Investors XXVI, LLC, 195 Cal. App. 4th 1602, 1614 (2011) (quoting Reichert v. General Ins. Co. 68 Cal. 2d 822, 830 (1968)).

**1.   Whether Travelers Owed KB Home a Duty To Defend From April 1, 2009**

KB Home seeks summary judgment that Travelers' duty to provide KB Home a defense was triggered from the date of tender on April 1, 2009 of the Aldrich complaint, which created a potential for covered damages. In opposition, Travelers argues that the complaint, as well as all the other information available to Travelers at the time of its withdrawal on March 9, 2010, showed that the only property damage related to the Norcraft cabinets alleged by the Aldrich plaintiffs was damage to the cabinets themselves, and the plaintiffs had not alleged damage to other property caused by Norcraft's work.

"[W]hen a suit against an insured alleges a claim that potentially or even possibly could subject the insured to liability for covered damages, an insurer must defend unless and until the insurer can demonstrate, by reference to undisputed facts, that the claim cannot be covered." Borg v. Transamerica Ins. Co., 47 Cal. App. 4th 448, 455 (1996). "To prevail, the insured must prove the existence of a *potential for coverage*, while the insurer must establish *the absence of any such potential*. In other words, the insured need only show that the underlying claim *may* fall within policy coverage; the insurer must prove it *cannot*. Facts merely tending to show that the claim is not covered, or may not be covered, but [which] are insufficient to eliminate the possibility that resultant damages (or the nature of the action) will fall within the scope of coverage, therefore add no weight to the scales. Any seeming disparity in the respective burdens merely reflects the

Case No.: 5:10-CV-2856 EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND
GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    substantive law." Montrose Chemical Corp. v. Superior Court, 6 Cal. 4th 287, 300 (1993)

2    (emphasis in original).

3         "The determination whether an insurer owes a duty to defend is made in the first instance

4    by comparing the allegations of the complaint with the terms of the policy." Montrose, 6 Cal. 4th at

5    295 (quoting Gray v. Zurich Insurance Co., 65 Cal. 2d 263, 276 (1966)). "The inquiry should first

6    focus on the allegations of the complaint, but the insured may rely on extrinsic evidence to give

7    rise to a duty to defend. Likewise, an insurer can rely on extrinsic facts to defeat a duty of defense,

8    if such facts conclusively eliminate the potential for coverage." Standun, Inc. v. Fireman's Fund

9    Ins. Co., 62 Cal. App. 4th 882, 889 (1998). Where there is any doubt as to whether the duty to

10   defend exists, the doubt must be resolved in favor of the insured and against the insurer. Borg, 47

11   Cal. App. 4th at 455.

12        "For an insurer, the existence of a duty to defend turns not upon the ultimate adjudication of

13   coverage under its policy of insurance, but upon those facts known by the insurer at the inception

14   of a third party lawsuit. Hence, the duty may exist even where coverage is in doubt and ultimately

15   does not develop." Saylin v. California Ins. Guarantee Assn. 179 Cal.App.3d 256, 263 (1986)

16   (internal quotation omitted). The defense duty is a continuing one, arising on tender of defense and

17   lasting until the underlying lawsuit is concluded or until it has been shown that there is *no* potential

18   for coverage. Montrose, 6 Cal.4th at 297 (emphasis in original). Any doubt as to whether the facts

19   establish the existence of a duty to defend must be resolved in the insured's favor. Id. at 299-300.

20        The Norcraft policies provide coverage for "property damage," which the policies define as

21   "[p]hysical injury to tangible property, including all resulting loss of use of that property . . . or

22   [l]oss of use of tangible property that is not physically injured." See, e.g., Carrillo Decl. Ex.A at

23   TRVC-581. The Norcraft polices do not cover property damage to Norcraft's work arising out of it

24   or any part of it. See, e.g., id. at TRVC-584. The policies only cover an additional insured for

25   bodily injury or property damage arising out of Norcraft's work for that additional insured

26   performed by Norcraft. See, e.g., id. at TRVC-615. Thus, the Norcraft polices cover physical injury

27

28
9

United States District Court
For the Northern District of California

1    to, or loss of use of, tangible property that arises out of the work Norcraft did on the cabinets, but

2    the policies do not cover damage to the cabinets themselves.

3        On April 1, 2009, KB Home tendered the defense and indemnity of KB Home as additional

4    insureds under the Norcraft policies in the <u>Aldrich</u> action. Dlugokenski Decl. ¶6, Ex. D. KB Home

5    provided copies of the original Complaint, First Amended Complaint, KB Home's Cross-

6    Complaint, a Stipulation and Order of Reference to the Special Master, the Subcontract and

7    additional insured documentation. <u>Id.</u> ¶¶6, 7, Exs. A, B, E, F, G. On April 6, 2009, KB Home

8    further provided the homeowner matrix and informed Travelers that the defect list had not yet been

9    provided to KB Home but that KB Home would forward the defect list as soon as it is received. <u>Id.</u>

10   Ex. J.

11       Here, both parties cite to the following language of the <u>Aldrich</u> complaint in support of their

12   positions. The complaint alleges, in part:

13       17. At the time of the purchase by Plaintiffs, the PROPERTY was defective and unfit
         for its intended purpose because Defendants did not construct the PROPERTY in a
14       workmanlike manner as manifested by, but not limited to, numerous *defects which have
         resulted in damage to the homes and their component parts*. The *defects include*,
15       without limitation and to various degrees on the plaintiffs' respective residence, the
         following: . . . *cabinet and wood trim defects*.
16

17   Dlubokenski Decl. Ex. C (emphasis added).

18       Travelers argues that the complaint does not allege that other property was damaged as a

19   result of the cabinets. Specifically, Travelers argues that the <u>Aldrich</u> complaint only alleges the

20   existence of cabinet and wood trim defects at the homes and that the cabinets were installed so as

21   to interfere with the cabinets' useful life.

22       Travelers reading of paragraph 17, however, appears to consider only the final sentence of

23   the allegation which list the defects, including cabinet and wood trim defects, to which the rest of

24   the paragraph makes reference. The immediately preceding sentence states that the "defects . . .

25   have resulted in damage to the homes and their component parts." <u>Id.</u> Thus, the complaint alleges

26   that cabinet and wood trim defects caused damage to the homes and their component parts, which

27   potentially includes parts of the homes other than the cabinets.

28

Case No.: 5:10-CV-2856 EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND
GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

United States District Court
For the Northern District of California

1    Travelers also argues that the FAC only seeks costs associated with investigation to identify

2  the claimed defects, repair costs to repair the defects, replacement costs to replace the

3  manufactured products, and loss of use expenses anticipated to be incurred during the repair and

4  replacement process. The prayer for relief in the FAC, however, does not support Travelers

5  assertions. See id. Ex. E. The FAC seeks "costs of restoration and repairs to the property," "for

6  diminution of value of the property," and "for loss of use of the property" among other damages.

7  Id. at 21. The FAC does not specify that these costs are to replace or repair the defects themselves

8  and not damage to other property caused by the defects. Rather, the FAC's claim that "Plaintiffs

9  will be forced to incur expenses for the restoration and repairs of the property to cure the *damage*,

10  defects, and/or deficiencies," contradicts Travelers interpretation that the relief sought is limited to

11  only the defects themselves or the manufactured products. See id. ¶ 21(a) (emphasis added).

12    Finally, Travelers argues that the absence of information in the special master order and the

13  homeowners' matrix in the Aldrich action regarding damages to other property caused by the

14  cabinets suggests that the plaintiff homeowners were not alleging these damages. Travelers,

15  however, has not provided authority indicating that, where the Complaint alleges a potentially

16  covered claim, a reasonable jury could find that the lack of allegations of covered damage in the

17  homeowners' matrix or special master order could conclusively eliminate the potential for

18  coverage.

19    Thus, the Aldrich complaint alleged a claim that potentially could subject KB Home to

20  liability for physical injury to other, tangible property caused by Norcraft's cabinets, which is

21  property damage covered by the Norcraft policies. As a result of the Aldrich complaint tendered on

22  April 1, 2009, Travelers was required to defend KB Home unless and until Travelers could

23  demonstrate, by reference to undisputed facts, that the claim cannot be covered. KB Home's

24  motion for partial summary judgment that Travelers owed it a duty to defend as of April 1, 2009 is

25  GRANTED.

26

27

28

Case No.: 5:10-CV-2856 EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND
GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

1

**2. Whether Travelers Breached Its Duty To Defend**

2        KB Home seeks summary judgment that Travelers breached its duty to provide an

3   immediate, full and complete defense by (1) withdrawing from KB Home's defense on March 9,

4   2010; (2) refusing to fund any portion of KB Home's defense; (3) refusing to consider extrinsic

5   evidence confirming Travelers' duty to defend; (4) and continuing to improperly limit its defense

6   obligations.

7        Travelers seeks summary judgment that KB Home cannot prove a duty was owed when

8   Travelers denied coverage because Travelers' duty to defend had not been triggered at the time of

9   its March 2010 withdrawal. Additionally, Travelers opposes KB Home's motion that Travelers

10  breached its duty to defend by arguing that KB Home breached the duty to cooperate by

11  withholding the Lot Files and Notices of Claim requested by Travelers.

12        **a.   Whether Travelers Owed a Duty To Defend at the Time of Its Withdrawal**

13        Having determined that Travelers owed KB Home a duty to defend as of April 1, 2009, the

14  court begins by addressing Travelers' argument that it did not owe a duty to defend as of March 9,

15  2010 when it withdrew from KB Home's defense.  In addition to the arguments discussed and

16  rejected above regarding the sufficiency of the April 2009 tender, Travelers argues that its March

17  9, 2010 withdrawal was proper because, despite requests by Travelers, KB Home failed to provide

18  the homeowners plaintiffs' defect list or any other information showing allegations of damage to

19  other property caused by Norcraft's work.

20        Travelers has submitted evidence that, prior to its March 9, 2010 withdrawal, it requested a

21  defect list twice from KB Home.[1]  First, on April 6, 2009, Travelers requested the defect list and

22  KB Home responded that a defect list had not been provided yet. Dlugokenski Exs. H, J. After that

23  exchange, Travelers subsequently agreed to defend KB Home. The second time Travelers

24  requested the defect list was on October 20, 2009. Id. Ex. L. Again, KB Home told Travelers that

25  ―――――――――――――――――

26  [1] In Travelers' July 6, 2009 letter accepting KB Home's claim as an additional insured, Travelers asks for information regarding the litigation budget and other insurers' contributions. Id. Ex. K.

27  Travelers has not identified any portion of this letter requesting documentation about the nature of the Aldrich plaintiffs' claims.

28

Case No.: 5:10-CV-2856 EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND
GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

no defect list was available. See id. Ex. I at Entry 10/22/2009. Thus, Travelers argues that its duty to defend was not triggered until KB Home produced the defect list on August 4, 2010.

As discussed above, the Aldrich complaint triggered Travelers' duty to defend on April 1, 2009. Travelers has not cited any authority supporting its argument that failure to provide a defect list or other information could conclusively establish the absence of coverage. Thus, the evidence of KB Home's delay in producing the defect list is not sufficient to demonstrate a genuine issue of fact regarding whether Travelers' duty to defend was terminated.

Travelers also argues that KB Home failed to produce or disclose the existence of Lot Files and Notices of Claim. According to Travelers, the documents contained within the Lot Files include, at a minimum, records detailing a two-year history of complaints by each homeowner with respect to defects and damages identified after the close of escrow for each residence. Travelers has presented evidence that these Lot Files do not reference or document anything other than damage to, or defects with, the cabinets themselves. See Decl. Gene Irizarry ¶¶ 9, 10, Docket No. 119; Decl. Jennifer S. Marvin ¶ 13, Docket No. 120; Decl. Michael Panish ¶ 6, Docket No. 121.

Travelers, however, does not claim that it had reviewed these documents before it withdrew from KB Home's defense, and Travelers has not presented any authority to support an argument that facts that were not known at the time of its withdrawal are relevant to determining whether an insurer owed a duty to defend at that time. Additionally, Travelers has not presented evidence that these Lot Files document all damages potentially sought by the Aldrich plaintiffs. Thus, Travelers has not shown that the absence in the Lot Files of reported damage to other property caused by the cabinets is sufficient to eliminate the possibility that resultant damages will fall within the scope of coverage and is not merely a fact tending to show that the claim is not covered, or may not be covered. This evidence therefore adds no weight to the scales. Montrose Chemical Corp., 6 Cal. 4th at 300.

Thus, Travelers has failed to present evidence showing a genuine issue of fact regarding whether, at the time of its March 9, 2010 withdrawal, there was no potential for a covered liability.

13

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

**b. Whether KB Home Breached Its Duty To Cooperate By Withholding Documents**

Travelers also argues that KB Home failed to perform a condition precedent to obtaining coverage because KB Home breached its duty to cooperate by withholding requested documentation that would support Travelers' withdrawal.

The Norcraft policies obligate all insureds to "[c]ooperate with [Travelers] in the investigation or settlement of the claim or defense against the 'suit'" and to "[a]ssist [Travelers], upon [Travelers'] request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damages to which this insurance may also apply." See, e.g., Carrillo Decl. Ex. A at TRVC-577. Travelers argues that KB Home violated this clause by intentionally withholding the homeowner Lot Files which were in KB Home's possession since 2003, and the Notice of Claim documentation filed in the Aldrich action on July 31, 2009. Travelers has also provided evidence that both of these documents listed only damages not covered by the Norcraft policies. See Decl. Gene Irizarry ¶¶ 9, 10, Docket No. 119; Decl. Jennifer S. Marvin ¶ 13, Docket No. 120; Decl. Michael Panish ¶ 6, Docket No. 121.

"Where an insured violates a cooperation clause, the insurer's performance is excused if its ability to provide a defense has been substantially prejudiced." Truck Ins. Exch. v. Unigrad Ins. Co., 79 Cal. App. 4th 966, 976 (2000). "The burden of proving that a breach of a cooperation clause resulted in prejudice is on the insurer." Campbell v. Allstate Ins. Co., 60 Cal. 2d 303, 306 (1963). Thus, in order to be excused from its duty to defend by KB Home's alleged breach of the duty to cooperate, Travelers must show prejudice that resulted from KB Home's withholding these documents. Travelers has not identified any related prejudice, much less provided evidence upon which a reasonable jury could find prejudice.

KB Home, however, has pointed to evidence that Travelers was not prejudiced by these documents because, even if these documents had been produced earlier, Travelers would have acted no differently. Travelers' expert, Gene Irizarry, declared that "even though KB [Home] did not provide the Lot Files to Travelers, had it done so, no duty to defend would have been

14

Case No.: 5:10-CV-2856 EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND
GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

1    triggered." Decl. Irizarry ¶ 14. This evidence indicates that, with or without the documents,

2    Travelers still would have determined that it did not have a duty to defend. Thus, assuming that KB

3    Home withheld these documents, Travelers has not raised a genuine issue of fact regarding whether

4    Travelers was excused from its duty to defend as a result.

5         The undisputed facts demonstrate that Travelers breached its duty to provide KB Home

6    with a complete and immediate defense of the <u>Aldrich</u> action when it withdrew from KB Home's

7    defense on March 9, 2010. For the reasons discussed above, KB Home's motion for summary

8    judgment that Travelers breached its duty to defend KB Home therefore is GRANTED. Travelers'

9    motion for summary judgment that KB Home cannot prove a duty was owed when Travelers

10   denied coverage because Travelers' duty to defend had not been triggered is DENIED.

11        **3. Whether Travelers Cured Its Breach By Its Belated Payment**

12        KB Home moves for summary judgment that Travelers' belated acceptance of its duty to

13   defend does not cure its prior breaches. In opposition, Travelers argues that KB Home has not

14   provided any evidence of damages. In its reply brief, KB Home argues that this portion of its

15   motion does not pertain to damages and that whether KB Home suffered damages, and the amount

16   of those damages does not impact adjudication that Travelers had a duty to defend and breached

17   that duty. Rather KB Home seeks judgment that Travelers' failure to take up KB Home's defense

18   when its duty was triggered is not cured because Travelers did so after KB Home filed this action.

19        "[A] belated offer to pay the costs of defense may mitigate damages but will not cure the

20   initial breach of duty." <u>Shade Foods, Inc. v. Innovative Products Sales</u>, 78 Cal. App. 4th 847, 881

21   (2000). Travelers' only argument goes to whether KB Home has shown damages resulted from any

22   breach, and Travelers has not offered any argument or evidence showing that its late acceptance of

23   the duty to defend KB Home cures its initial breach of that duty.

24        Thus, KB Home's motion for summary judgment that Travelers did not cure its breach by

25   its belated payment for KB Home's defense is GRANTED.

26

27

28

Case No.: 5:10-CV-2856 EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND
GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

### 4. Whether KB Home Breached the Cooperation Clause by Rejecting Counsel

Travelers moves for summary judgment that KB Home breached the cooperation clause by refusing to accept counsel chosen by Travelers on January 4, 2011 and thereby released Travelers from liability under the insurance policies. See Chao Decl. ¶ 9, Ex. Y. KB Home argues that Travelers lost any right to control KB Home's defense or enforce the cooperation clause when Travelers breached its duty to defend.

"The insurer's right to control the insured's defense extends to the right to select legal counsel." Travelers Property Cas. Co. of America v. Centex Homes, No. 11–3638–SC, 2012 WL 1657121, at *4 (N.D. Cal. May 10, 2012). However, "[w]hen an insurer wrongfully refuses to defend, the insured is relieved of his or her obligation to allow the insurer to manage the litigation and may proceed in whatever manner is deemed appropriate." Eigner v. Worthington, 57 Cal. App. 4th 188, 196 (1997).

Here, the Aldrich action was tendered to Travelers on April 1, 2009 and triggered Travelers' duty to defend. On March 9, 2010, Travelers declined to participate in Aldrich defense. Travelers, however, agreed to defend KB Home on December 17, 2010, after KB Home had provided Travelers with a defect list from the Aldrich plaintiffs on August 4, 2010 and after KB Home filed this lawsuit. As Travelers' duty to defend arose immediately upon the April 1, 2009 tender, Travelers' withdrawal and delay in providing KB Home with a defense divested it of the right to control KB Home's defense. See Travelers Property Cas. Co. of America, 2012 WL 1657121, at *4.

Thus, Travelers has failed to demonstrate that the undisputed evidence shows KB Home's rejection of Travelers' chosen counsel was a breach of the cooperation clause. Travelers' motion for summary judgment that KB Home breached its duty of cooperation therefore is DENIED.

### 5. Whether KB Home Has Presented Evidence of Damages

"Contract damages are generally limited to those within the contemplation of the parties when the contract was entered into or at least reasonably foreseeable by them at that time; consequential damages beyond the expectations of the parties are not recoverable." Applied

16

Case No.: 5:10-CV-2856 EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND
GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 515 (1994). "The general measure of contract damages owed an insured due to an insurer's breach of the duty to defend are the 'costs and attorney fees expended by the insured defending the underlying action.'" Richards v. Sequoia Ins. Co., 195 Cal. App. 4th 431, 436 (2011) (quoting Emerald Bay Community Assn.v. Golden Eagle Ins. Corp., 130 Cal. App. 4th 1078, 1088–1089 (2005)). "When the policy provides coverage for the claim, an insured may also recover the amount of any reasonable, good faith settlement." Id.

Travelers moves for summary judgment that KB Home did not suffer damages as a result of Travelers' alleged breach of contract. In opposition, KB Home argues that Travelers cannot cure its breaches by belatedly paying for KB Home's defense, and that KB Home has provided evidence of damages through (1) David B. Simons' deposition; (2) Travelers' claim against KB Home seeking reimbursement for amounts it paid to KB Home; (3) its entitlement to Brandt fees.

In Shade Foods, the insurer rejected a tender of defense but reconsidered its denial shortly before trial and paid all of its insured's legal expenses. Shade Foods, Inc., 78 Cal. App. 4th at 879. During the time the insurer had rejected the tender of the defense, the insured arranged and paid for its own defense. Id. at 883. The California Court of Appeals upheld the jury's finding that the insurer breached the covenant of good faith and fair dealing. The court noted that the insurer "did not fully remedy the harm caused by its refusal to defend by later paying [the insured's] attorney fees, though this belated decision unquestionably mitigated its damages." Id. at 883. KB Home correctly cites Shade Foods for the proposition that Travelers' belated offer to pay the costs of defense may mitigate damages but will not cure Travelers' initial breach of duty. See id. at 881. This rule affects the impact of Travelers' late payment on its liability for breach, but it does not eliminate KB Home's burden to provide evidence that it sustained harm as a result of the breach.

Here, KB Home has not provided any evidence that it suffered damages before Traveler's payment. KB Home only offers deposition of David B. Simons that "I don't know how much we paid since April 1st of 2009. But *if there were amounts* that we did pay that we contend Travelers should have paid, that is lost capital for KB Home that we could have put to another business use." Simons 5/24/11 Dep. at 155:2-10, Decl. of C. Kendie Schlecht Ex. 31, Docket No. 132 (emphasis

17

Case No.: 5:10-CV-2856 EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND
GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

United States District Court
For the Northern District of California

added). Simons' testimony does not claim that KB Home paid money that Travelers should have paid; he merely states that it if that were true, KB Home would have damages beyond that initial payment. Thus, Simons deposition testimony does not contain evidence that KB Home sustained damages as a result of the breach.

Additionally, KB Home cites no authority in support of its argument that the fact that Travelers has a pending claim against KB Home for reimbursement, which might or might not be successful, is evidence of damages for KB Home's breach of contract claim. Thus, Travelers' claim for reimbursement is not evidence sufficient to establish a genuine issue that KB Home sustained damages as a result of the breach.

Finally, KB Home argues that it has incurred over $390,840.05 in attorneys' fees and costs in this action in order to vindicate its rights under the Norcraft policies and that it is entitled to recover this amount as <u>Brandt</u> fees. In <u>Brandt</u>, the court held that when an insurer's tortious conduct reasonably compels the insured to retain an attorney to obtain the benefits due under a policy, it follows that the insurer should be liable in a tort action for that expense, because attorneys' fees are an economic loss proximately caused by the tort. <u>Brandt v. Superior Court</u>, 37 Cal. 3d 813, 818 (1985). An erroneous, but good faith, interpretation of an insurance contract by an insurer precludes the award of attorney's fees incurred in obtaining benefits that the insurer withheld from the insured. <u>Id.</u> at 819. <u>Brandt</u> fees may be recoverable through KB Home's tort claim for bad faith, but KB Home has not cited any authority showing that a claim to <u>Brandt</u> fees is evidence of damages for purposes of establishing a breach of contract claim. Thus, KB Home's evidence regarding the amount of attorneys' fees and costs paid in this action does not establish a genuine issue of fact that KB Home suffered damages for purposes of KB Home's breach of contract claim.

Thus, KB Home has provided no evidence that it paid for its defense in the <u>Aldrich</u> action or suffered any other damage as a result of any breach by Travelers. "A plaintiff who cannot show payment of legal expenses in defense of a claim does not show contract damages due to an insurer's delay in assuming responsibility." <u>Richards</u>, 195 Cal. App. 4th at 438 (affirming summary

18

Case No.: 5:10-CV-2856 EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND
GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

judgment for insurer on breach of contract claim where insurer paid all attorneys' fees owed and paid to settle the lawsuit and the insured sustained no legally cognizable damages for any alleged breach of the insurance contract). The parties agree that Hartford paid $30,000 toward KB Home's defense in February 2010. <u>See</u> Chao Decl. ¶ 4, Ex. U, CC. KB Home does not dispute Travelers' evidence that Travelers paid all outstanding invoices relating to KB Home's defense in the <u>Aldrich</u> action when it retook the duty to defend KB Home in December 2010. <u>See</u> Dlugokenski Decl. ¶ 17. KB Home has not presented evidence that it paid for its own defense at any time or otherwise incurred damages as a result of Travelers' alleged breaches of its duty to defend KB Home.

KB Home has not provided any evidence, much less evidence upon which a reasonable jury could find in its favor, on an essential element of KB Home's breach of contract claim. Because failure to prove resulting damages is fatal to KB Home's claim, Travelers' motion for summary judgment is GRANTED as to KB Home's breach of contract claim.

**B. Breach of Covenant of Good Faith and Fair Dealing**

"In addition to the right to sue an insurer in contract, if the insurer acts unreasonably and without proper cause in failing to investigate a claim, refusing to provide a defense, or either delaying or failing to pay benefits due under the policy, the insured can sue in tort for breach of the covenant of good faith and fair dealing." <u>Emerald Bay Community Assn.</u>, 130 Cal. App. 4th at 1093. Under California law, to establish breach of the implied covenant, "(1) benefits due under the policy must have been withheld; and (2) the reason for withholding benefits must have been unreasonable or without proper cause." <u>Love v. Fire Ins. Exchange</u>, 221 Cal. App. 3d 1136, 1151 (1990).

**1. Whether Travelers Withheld Benefits Due Under the Policy**

Travelers seeks summary judgment that no benefits due under the policy were ever withheld because Travelers did not owe KB Home any benefits under the policy until the duty to defend was triggered following the production and authentication of the defect list on August 4, 2010. Once the duty to defend was triggered, Travelers agreed to defend KB Home and paid the balance of all defense fees and costs incurred to date. Dlugokenski Decl. ¶¶16, 17. As discussed

19

Case No.: 5:10-CV-2856 EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1    above, Travelers' duty to defend was triggered on April 1, 2009, and Travelers breached its duty to

2    provide an immediate defense. For the same reasons, Travelers' motion for summary judgment that

3    it never withheld benefits due under the policy is DENIED.

4    **2. Whether Travelers Withheld Benefits Unreasonably or Without Proper Cause**

5         Travelers seeks summary judgment that it did not withhold benefits unreasonably or

6    without proper cause because (1) any delay in paying benefits was based on a genuine dispute

7    regarding coverage and (2) Travelers conducted a reasonable investigation of KB Home's tender.

8    In opposition, KB Home argues that (1) the genuine dispute doctrine does not absolve Travelers'

9    bad conduct; (2) Travelers' promise to defend KB Home was fraudulent at the time it was made;

10   (3) Travelers tortuously refused to reconsider its coverage position; and (4) Travelers' conduct in

11   this litigation is further evidence of its bad faith.

12        Where there is a "genuine issue" or "genuine dispute" as to the "insurer's liability under the

13   policy for the claim asserted by the insured, there can be no bad faith liability imposed on the

14   insurer for advancing its side of that dispute." McCoy v. Progressive W. Ins. Co., 171 Cal. App.

15   4th 785, 793 (2009). "A *genuine* dispute exists only where the insurer's position is maintained in

16   good faith and on reasonable grounds." Wilson v. 21st Century Ins. Co., 42 Cal. 4th 713, 723

17   (2007) (emphasis in original). Thus, summary judgment of a breach of the implied covenant of

18   good faith and fair dealing may only be granted "when it is undisputed or indisputable that the

19   basis for the insurer's denial of benefits was reasonable." Amadeo v. Principal Mut. Life Ins. Co.,

20   290 F.3d 1152, 1161–62 (9th Cir. 2002).

21        "The genuine dispute rule does not relieve an insurer from its obligation to thoroughly and

22   fairly investigate, process and evaluate the insured's claim." Wilson, 42 Cal. 4th at 723. In fact, the

23   adequacy of an insurer's investigation is "[a]mong the most critical factors bearing on the insurer's

24   good faith." Shade Foods, Inc., 78 Cal. App. 4th at 879. "Though some authority tends to equate a

25   bad faith failure to investigate with negligence, the better view appears to be that it must rise to the

26   level of unfair dealing." Id. at 880. "An unreasonable failure to investigate amounting to such

27

28

20

United States District Court
For the Northern District of California

1    unfair dealing may be found when an insurer fails to consider, or seek to discover, evidence

2    relevant to the issues of liability and damages." Id.

3         Based on KB Home's initial tender, on July 6, 2009, Travelers' Claim Notes document

4    Traveler's decision to accept KB Home's defense because of a likelihood of covered damages.

5    Dlugokenski Decl. Ex. I at Entry of 7/6/09. The Claim Notes state that Norcraft "completed

6    installation and cabinet damages are pleaded in the complaint. Based on those facts, it is likely

7    some, although minor damages resulted from installation." Id. On that same day, July 6, 2009,

8    Dlugokenski issued a letter accepting KB Home's tender as additional insureds under the Norcraft

9    Polices. See id. ¶ 11, Ex. K.

10        Between Travelers' acceptance on July 6, 2009 when Dlugokenski noted there were likely

11   some damages that resulted from installation and its withdrawal on March 9, 2010, Travelers has

12   only shown that it requested documentation from KB Home's counsel evidencing the Aldrich

13   plaintiffs were alleging covered property damage caused by Norcraft on one occasion. Id. Ex. L.

14   KB Home responded that no defect list was available. See id. Ex. I at Entry 10/22/2009. Travelers

15   has not presented evidence that it conducted any other investigation into the nature of the Aldrich

16   plaintiffs' claims beyond that request and reviewing the materials KB Home provided. Travelers

17   claims that upon reviewing the file on November 5, 2009, it determined there was no indication

18   that the Aldrich plaintiffs were claiming covered damage and therefore withdrew from KB Home's

19   defense. See Frazier Decl. ¶ 5; Dlugokenski Decl. Ex. I. at Entry 11/05/2009, Entry 12/10/2009.

20        KB Home argues that Travelers's decision to withdraw from KB Home's defense was not

21   based on any new information, but rather was a result of Travelers' learning that it was the only

22   insurance company involved in KB Home's defense and would incur costs higher than anticipated.

23   In support of its argument, KB Home offers the Claim Notes as evidence. On July 14, 2009, the

24   Claim Notes entry indicates that Travelers anticipated that at least ten insurers would participate in

25   KB Home's defense and Travelers would only be required to fund 10% of the defense. Id. at Entry

26   of 7/14/09. On October 20, 2009, Travelers noted it had received a large allocation from defense

27   counsel. Id. at Entry of 10/20/09. On November 5, 2009, Travelers noted the "recent receipt of AI

28

21

Case No.: 5:10-CV-2856 EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND
GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

United States District Court
For the Northern District of California

1  allocation" by developer. Id. at Entry 11/5/09. The very next entry, on December 10, 2009, notes

2  that there is no documentation that any damages resulted from Norcraft's work and therefore

3  Travelers would withdraw its acceptance of KB Home's defense as an additional insured. Id. at

4  Entry 12/10/09.

5        KB Home also argues that Travelers refused to consider extrinsic evidence from plaintiffs'

6  counsel in the Aldrich Action confirming that the Aldrich plaintiffs sought covered damages.

7  "[T]he insurer's early closure of an investigation and unwillingness to reconsider a denial when

8  presented with evidence of factual errors will fortify a finding of bad faith." Shade Foods, 78 Cal.

9  App. 4th at 880. On July 8, 2010, Fred Adelman, counsel for the Aldrich plaintiffs, signed a letter

10  stating that "[t]he plaintiffs in this action are pursuing recovery for damages arising out of the

11  cabinets." Chao Decl. Ex. W. Counsel for KB Home supplied this letter to Travelers and asked that

12  Travelers reconsider its withdrawal. Id. On July 23, 2010, Travelers informed KB Home that the

13  documentation provided, including the July 8, 2010 letter, was insufficient to trigger a duty to

14  defend.

15        KB Home has presented evidence sufficient to create a genuine issue of fact regarding

16  whether Travelers acted in bad faith in refusing to defend KB Home. Thus, Travelers' motion for

17  summary judgment that it never withheld benefits unreasonably or without a proper purpose is

18  DENIED. Similarly, Travelers' motion for summary judgment in its favor as to KB Home's claim

19  for breach of implied covenant of good faith and fair dealing is DENIED.

20                              **IV. CONCLUSION**

21        For the reasons discussed above, the court orders as follows:

22        KB Home's motion for partial summary judgment that (1) Traveler's duty to provide KB

23  Home a defense was triggered from the date of tender, April 1, 2009; (2) Travelers breached its

24  duty to provide KB Home a defense; and (3) belated payment of the costs of the defense in the

25  Aldrich action did not cure Traveler's breach of its duty to defend KB Home is GRANTED.

26        Travelers' motion for summary judgment in its favor on KB Home's breach of contract

27  claim is GRANTED because KB Home has not presented any evidence of resulting damages. As to

28

Case No.: 5:10-CV-2856 EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND
GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

United States District Court
For the Northern District of California

1   all other requests for summary judgment or partial summary judgment, Travelers' motion is

2   DENIED.

3       In light of this order, the court CONTINUES the preliminary pretrial conference set for July

4   20, 2012 to August 31, 2012. The parties shall submit an updated preliminary pretrial conference

5   statement no later than August 21, 2012.

6       Additionally, the parties are referred to Magistrate Judge Paul S. Grewal for a settlement

7   conference to occur no later than September 14, 2012. The parties are instructed to contact Oscar

8   Rivera, Judge Grewal's Courtroom Deputy, at (408) 535-5378 to arrange a date for the conference.

9   **IT IS SO ORDERED.**

10  Dated: July 18, 2012

11

12  EDWARD J. DAVILA
    United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23

Case No.: 5:10-CV-2856 EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND
GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT