*E-FILED: January 2, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAUFMAN & BROAD MONTEREY BAY, a California corporation; KB HOME SOUTH BAY, INC., a California corporation,<br><br>Plaintiffs,<br>v.<br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Defendant.<br>_____/<br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Counterclaimant,<br>v.<br>KAUFMAN & BROAD MONTEREY BAY, a California corporation; KB HOME SOUTH BAY, INC., a California corporation,<br><br>Counterdefendants.<br>_____/ | No. C10-02856 EJD (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT #6**<br><br>[Re: Docket No. 165] |

In Discovery Dispute Joint Report (DDJR) #6, plaintiffs move for an order compelling defendant Travelers Property Casualty Company of America (Travelers) to produce documents responsive to Requests for Production Nos. 107, 108, 110, and 111. The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). Having considered the parties' respective positions, this court denies plaintiffs' request for discovery.

1    Request Nos. 107 and 110 seek correspondence between Travelers and Norcraft
2 Companies (Norcraft) re the <u>Aldrich</u> Action, as well as documents related to the settlement
3 between Norcraft and the <u>Aldrich</u> plaintiffs.  After plaintiffs initiated DDJR #6, Travelers says
4 that it served supplemental responses to these requests, stating that it has produced "all non-
5 privileged or non-protected documents responsive to this request presently within its
6 possession, custody, or control."[1]  (Dkt. No. 165, DDJR #6 at p. 8).  On the record presented, it
7 is not clear what, if anything, remains to be produced in response to these requests.  Plaintiffs'
8 request to compel further discovery therefore is denied as moot.
9    As for Request No. 108 ("All documents showing the amount of defense fees and costs
10 You have paid to defend Norcraft in the Aldrich Action") and Request No. 111 ("All documents
11 (other than documents involving attorney-client communications and which constitute attorney
12 work product) related to Your efforts to obtain a settlement between Norcraft and the Plaintiffs
13 in the Aldrich Action."), plaintiffs have not convincingly demonstrated that the requested
14 information is relevant or reasonably calculated to lead to the discovery of admissible evidence.
15 FED. R. CIV. P. 26(b)(1).  Additionally, the court finds that the likely benefit (if any) of the
16 information sought is outweighed by the burden and expense that would be imposed.  FED. R.
17 CIV. P. 26(b)(2)(C)(iii).  Plaintiffs' request to compel discovery in response to these requests is
18 denied.
19    SO ORDERED.
20 Dated: January 2, 2013

21
22   HOWARD R. LLOYD
     UNITED STATES MAGISTRATE JUDGE

---

[1]    This court assumes that Travelers' supplemental responses drop the objections that this court rejected in its June 2, 2011 discovery order (Dkt. No. 70).

2

5:10-cv-02856-EJD Notice has been electronically mailed to:

A. Eric Aguilera    eaguilera@aguileragroup.com, krickard@aguileragroup.com, travelers@aguileragroup.com

Bonnie Tara Roadarmel    bonnie.roadarmel@ndlf.com

Caroline Elizabeth Siefert    caroline.siefert@ndlf.com

Chanmaly Kendie Schlecht    kendie.schlecht@ndlf.com

James Stephen Hultz    james.hultz@ndlf.com

Kari Marie Myron    kmyron@aguileragroup.com, krickard@aguileragroup.com, travelers@aguileragroup.com

Raymond Earl Brown    rbrown@aguilergroup.com

Rondi Jan Walsh    rondi.walsh@ndlf.com

Thomas Lether    tlether@letherlaw.com, amccroan@letherlaw.com, eneal@letherlaw.com, kjohansen@letherlaw.com, lhartt@letherlaw.com, shavre@letherlaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.