1

2

3

4

5

6

7

8

9

10

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

11    KAUFMAN & BROAD MONTEREY BAY;          )    Case No.: 5:10-CV-02856-EJD
      KB HOME SOUTH BAY, INC.,               )
                                             )    **ORDER DENYING KB HOME'S**
12              Plaintiffs,                   )    **MOTION FOR LEAVE TO FILE**
                                             )    **MOTION FOR RECONSIDERATION**
13        v.                                  )    **OF RULING ON ORDER GRANTING**
                                             )    **IN PART DEFENDANT'S MOTION**
14    TRAVELERS PROPERTY CASUALTY            )    **FOR SUMMARY JUDGMENT, ORI N**
      COMPANY OF AMERICA,                    )    **THE ALTERNATIVE,  PARTIAL**
15                                            )    **SUMMARY JUDGMENT**
                                             )
16              Defendant.                    )
                                             )
17                                            )    **[Re: Docket No. 233]**
                                             )

18

19         Presently before the court is Plaintiffs Kaufman & Broad Monterey Bay and KB Home

20    South Bay Inc.'s ("KB Home") Motion for Leave to File Motion for Reconsideration of Ruling on

21    Order Granting in Part Defendant's Motion for Summary Judgment.   In that Order, the court

22    found, inter alia, that KB Home had not proven damages from Defendant Travelers Property

23    Casualty Company of America's ("Travelers") breach of insurance contract, and accordingly

24    granted summary judgment to Travelers as to KB Home's breach of contract claim.  Dkt. No. 220.

25    KB Home contends that since the time of that order, Travelers again has wrongfully withdrawn

26

27                                              1
      Case No.: 5:10-CV-02856-EJD
      ORDER DENYING KB HOME'S MOTION FOR LEAVE TO FILE MOTION FOR
28    RECONSIDERATION OF RULING ON ORDER GRANTING IN PART DEFENDANT'S
      MOTION FOR SUMMARY JUDGMENT, ORI N THE ALTERNATIVE,  PARTIAL
      SUMMARY JUDGMENT

1    from KB Home's defense, causing KB Home to incur damages of unpaid defense fees, costs and

2    interest charges.

3        Based on this new occurrence, KB Home asks the court to reconsider its ruling granting

4    summary judgment to Travelers on KB Home's breach of contract claim.  KB Home brings this

5    motion pursuant to Federal Rule of Civil Procedure Rule 60(b) and Civil Local Rule 7-9.  Rule

6    60(b) provides the general authority for a federal district court to relieve a party from the court's

7    order or judgment.  Under Rule 60(b), such reconsideration is permitted upon a showing of: "(1)

8    mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with

9    reasonable diligence, could not have been discovered in time to move for a new trial under Rule

10   59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct

11   by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or

12   discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it

13   prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P.

14   60(b).

15       Civil Local Rule 7-9 provides the mechanism by which a party can seek the relief specified

16   in Rule 60(b).  That rule states:

17       Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of

18       all the parties in the case, any party may make a motion before a Judge requesting that the

19       Judge grant the party leave to file a motion for reconsideration of any interlocutory order

20       made by that Judge on any ground set forth in Civil L.R. 7-9(b). No party may notice a

21       motion for reconsideration without first obtaining leave of Court to file the motion.

22   In requesting leave of court, the moving party must at the very least do two things.  First, the party

23   must make a specific showing supporting one of the following bases:

24       (1) At the time of the filing the motion for leave, a material difference in fact or law

25           exists from that which was presented to the Court before entry of the interlocutory

26           order for which reconsideration is sought. The party also must show that in the

2

27   Case No.: 5:10-CV-02856-EJD
     ORDER DENYING KB HOME'S MOTION FOR LEAVE TO FILE MOTION FOR
28   RECONSIDERATION OF RULING ON ORDER GRANTING IN PART DEFENDANT'S
     MOTION FOR SUMMARY JUDGMENT, ORI N THE ALTERNATIVE,  PARTIAL
     SUMMARY JUDGMENT

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1      exercise of reasonable diligence the party applying for reconsideration did not know

2      such fact or law at the time of the interlocutory order; or

3      (2) The emergence of new material facts or a change of law occurring after the time of

4      such order; or

5      (3) A manifest failure by the Court to consider material facts or dispositive legal

6      arguments which were presented to the Court before such interlocutory order.

7      Civ. L.R. 7-9(b).

8    Second, the party must accomplish the appropriate showing without repeating any oral or written

9    argument previously made with respect to the interlocutory order that the party now seeks to have

10   reconsidered.  Civ. L.R. 7-9(c).  Doing so subjects that party to the possibility of sanctions.  Id.

11   Motions to reconsider are committed to the discretion of the trial court.  Rodgers v. Watt, 722 F.2d

12   456, 460 (9th Cir. 1983) (en banc).

13          KB Home contends that the court should reconsider its prior summary judgment order

14   because Travelers again withdrew its representation on February 8, 2012—several months after the

15   parties' motions for summary judgment had been submitted—and caused KB Home to incur

16   damages.  While the court agrees with KB Home that it could not have included these facts in its

17   prior summary judgment briefing, the court does not agree that reconsideration is appropriate here.

18          KB Home discovered Travelers' most recent alleged breach on February 8, 2012.  On April

19   26, 2012, KB Home determined that Travelers' withdrawal was improper.  Since that time, KB

20   Home has been incurring defense fees and costs.

21          The court did not issue its Order until July 18, 2012—more than five months after KB

22   Home discovered the new alleged breach, and nearly three months after KB Home "confirmed"

23   that the withdrawal was improper.  This delay suggests that KB Home did not exercise reasonable

24   diligence in bringing this new information to the court's attention.  Having discovered a new

25   alleged breach, and having started to incur damages as a result, it was incumbent on KB Home to

26   alert the court to the change in circumstances while its motion for summary judgment was still

3

United States District Court
For the Northern District of California

1    pending.  Instead, KB Home waited more than six months from the time it discovered the new

2    withdrawal to alert the court of the new alleged breach.  KB Home cannot have it both ways.  It

3    simply cannot take a wait and see approach despite new important information, but then move for

4    reconsideration when the result is not favorable.  Such conduct does not constitute diligence.   KB

5    Home's Motion for Leave to File a Motion for Reconsideration is therefore DENIED.

6    **IT IS SO ORDERED**

7    Dated: January 11, 2013

8                                                                        _____
                                                                        EDWARD J. DAVILA
9                                                                        United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                        4
     Case No.: 5:10-CV-02856-EJD
28   ORDER DENYING KB HOME'S MOTION FOR LEAVE TO FILE MOTION FOR
     RECONSIDERATION OF RULING ON ORDER GRANTING IN PART DEFENDANT'S
     MOTION FOR SUMMARY JUDGMENT, ORI N THE ALTERNATIVE,  PARTIAL
     SUMMARY JUDGMENT