UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAUFMAN & BROAD MONTEREY BAY; KB HOME SOUTH BAY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, <br><br> Defendant. | Case No.: 5:10-CV-02856-EJD <br><br> **ORDER GRANTING IN PART AND DENYING IN PART TRAVELERS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO KB HOME'S EIGHTH, NINTH, FOURTEENTH AND NINETEENTH AFFIRMATIVE DEFENSES; STRIKING TRAVELERS' REMAINING MOTIONS FOR PARTIAL SUMMARY JUDGMENT; GRANTING KB HOME'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXPERT REPORT** <br><br> **[Re: Docket Nos. 169, 174, 178, 182, 221]** |

Plaintiffs Kaufman & Broad Monterey Bay and KB Home South Bay Inc. ("KB Home") bring this insurance coverage action against Travelers Property Casualty Company of America ("Travelers"), raising claims for declaratory relief, breach of contract, and breach of the implied covenant of good faith and fair dealing. Presently before the court are four motions for partial summary judgment filed by Travelers: Motion for Partial Summary Judgment Re Reasonableness

1

United States District Court
For the Northern District of California

1   of Travelers' Coverage Decision (Dkt. No. 169), Motion for Partial Summary Judgment Re

2   <u>Armstrong</u> Election (Dkt. No. 174), Motion for Partial Summary Judgment as to KB Home's

3   Eighth, Ninth, Fourteenth and Nineteenth Affirmative Defenses (Dkt. No. 178), and Motion for

4   Partial Summary Judgment Re <u>Brandt</u> Fees (Dkt. No. 182).  KB Home opposes each motion.  <u>See</u>

5   Dkt. Nos. 187, 188, 189, 190.  Also before the court is KB Home's Motion for Leave to File

6   Supplemental Expert Report.  This court has jurisdiction pursuant to 28 U.S.C. § 1332.

7       Having reviewed the parties' briefing and having heard the parties' argument on January

8   11, 2013 the court STRIKES Travelers' Motions for Partial Summary Judgment Re

9   Reasonableness of Travelers' Coverage Decision, <u>Armstrong</u> Election, and <u>Brandt</u> Fees, and

10  GRANTS IN PART and DENIES IN PART Travelers' Motion for Partial Summary Judgment as

11  to KB Home's Eighth, Ninth, Fourteenth and Nineteenth Affirmative Defenses.  The court also

12  GRANTS KB Home's Motion for Leave to File Supplemental Expert Report.

13  **I.     BACKGROUND**

14      **a.   Factual Background**

15      The following background is taken from the court's July 18, 2012 Order.  Dkt. No. 220.

16          **i.   Norcraft Policies**

17      Travelers issued the following commercial general liability policies to Norcraft Companies,

18  L.P., ("Norcraft") a cabinet installer: TC2J GLSA 118D0207–TIL–02 (effective 12/31/02 to

19  10/21/03); TC2J GLSA 118D2170–TIL–03 (effective 10/21/03 to 10/21/04); TC2J GLSA

20  118D2170–TIL–04 (effective 10/21/04 to 10/21/05); and TC2J GLSA 118D2170–TIL–05

21  (effective 10/21/05 to 10/21/06) ("Norcraft policies").  <u>See</u> Decl. Richard J. Carrillo ¶ 5, Ex. A–D,

22  Dkt No. 107. The Norcraft policies provide coverage for "property damage" arising out of an

23  occurrence that takes place in the coverage territory and that occurs during the policy period.  <u>See</u>

24  <u>id.</u> Ex. A at TRVC–000571, Ex. B at TRVC–000015, Ex. C at TRVC–000219, and Ex. D at

25  TRVC–000400. The policies define property damage as:

26  

    2

27  Case No.: 5:10-CV-02856-EJD
    ORDER GRANTING IN PART AND DENYING IN PART TRAVELERS' MOTION FOR
28      PARTIAL SUMMARY JUDGMENT AS TO KB HOME'S EIGHTH, NINTH, FOURTEENTH
    AND NINETEENTH AFFIRMATIVE DEFENSES;  STRIKING TRAVELERS' REMAINING
    MOTIONS FOR PARTIAL SUMMARY JUDGMENT; GRANTING KB HOME'S MOTION
    FOR LEAVE TO FILE SUPPLEMENTAL EXPERT REPORT

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

See id. Ex. A at TRVC–000581, Ex. B at TRVC–000025, Ex. C at TRVC–000233, and Ex. D at TRVC–000414.

The Norcraft policies, however, exclude coverage for "'[p]roperty damage' to 'your product' arising out of it or any part of it" and "'[p]roperty damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.'" Id. Ex. A at TRVC000573, Ex. B at TRVC–000017, Ex. C at TRVC–000223, and Ex. D at TRVC–000404.

The Norcraft policies each contain a blanket additional insured endorsement form, which reads in pertinent part:

1. WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization (called "additional insured") with whom you have agreed in a written contract, executed prior to loss, to name as an additional insured, but:

    a. Only with respect to liability because of "bodily injury" or "property damage" arising out of "your work" for that additional insured performed by you or for you; and

    b. Subject to any limitations in the written contract regarding the scope of the additional insured status ...

Id. Ex. A at TRVC–000615, Ex. B at TRVC–000059, Ex. C at TRVC–000255, and Ex. D at TRVC–000438.

### ii. Subcontract and Aldrich Action

On or about January 22, 2003, and February 5, 2003, KB Home and Norcraft entered into subcontracts to furnish, deliver and install cabinets at certain homes within two housing developments in Monterey, California. Decl. Patricia E. Dlugokenski ¶ 2, Exs. A, B, Dkt No. 108. The subcontracts required Norcraft to name KB Home as an additional insured under its commercial general liability policies. Id. ¶ 2, Exs. A, B.

On October 21, 2008, a number of homeowners commenced a lawsuit in Monterey County Superior Court against KB Home: Aldrich, et al. v. KB Home, et al., Case No. M–92290 ("Aldrich Action"). Id. ¶ 5, Ex. C. The homeowners alleged a number of construction defects, including "cabinet and wood trim" defects that resulted in damage to the homes and their component parts. Id. Ex. C ¶ 17. KB Home filed a cross-complaint against various parties, including Norcraft, alleging among other things that Norcraft is contractually required to defend and indemnify KB Home with regard to the Aldrich action. See id. Ex. F.

### iii. Travelers' Acceptance, Withdrawal, and This Action

On April 1, 2009, Glaspy & Glaspy, counsel for KB Home, tendered the defense and indemnity of KB Home as additional insureds under the Norcraft policies in the Aldrich action. Id. ¶ 6, Ex. D. This initial tender included copies of the original Complaint, First Amended Complaint, KB Home's Cross–Complaint, a Stipulation and Order of Reference to the Special Master, the Subcontract and additional insured documentation. Id. ¶¶ 6, 7, Exs. A, B, E, F, G.

On April 6, 2009, Patricia E. Dlugokenski ("Dlugokenski"), a senior technical specialist for Travelers, acknowledged receipt of the tenders and requested additional information including: a statement of claims or documentation related to the alleged defects and deficiencies; expert investigation reports into defects or damages; current pleadings and any CMO or PTO documents; and the location of any document depository. Id. Ex. H. at KB COV10097. On April 6, 2009, in response, KB Home provided an updated Homeowner matrix, the amended complaint, and the

dismissal of one of the plaintiffs' homes. KB also informed Travelers that the PTO has not yet been filed and there is no defect list but that KB Home would forward the defect list as soon as it is received. Id. Ex. J.

On July 6, 2009, Dlugokenski noted in the internal Claims Notes that "it is likely some, although minor damages resulted from [cabinet] installation. Damages to the walls or pulling away from the walls could be attributed to installation." Id. Ex. I at Entry of 7/6/09. Also on July 6, 2009, Dlugokenski issued a letter accepting KB Home's tender as additional insureds under the Norcraft policies. Id. Ex. K. The letter also requested information that would assist Travelers in its evaluation of the demand for payment of defense expenses, such as contact information for all carriers who have been provided a tender of defense, their responses, the amounts they have paid, the percentage they agreed to pay, a litigations budget, and an additional insured matrix showing the carriers tendered as well as their responses. Id.

On October 20, 2009, Dlugokenski sent an email to KB Home's counsel requesting "documentation of damage caused by our named insured (defect report, etc.)" Id. Ex. L. KB Home's counsel informed Travelers that no defect list was available to date. See Dlugokenski Decl. Ex. I at Entry 10/22/2009.

On November 5, 2009, Tom Frazier ("Frazier"), Travelers' unit manager, conducted a review of KB Home's tenders and found that they lacked documentation of damage or liability arising out of Norcraft's work. Decl. Tom Frazier ¶ 5, Dkt. No. 109; see id. Ex. I at Entry 11/05/2009. On December 1, 2009, KB Home contacted Travelers about its outstanding balance and requested payment. On December 10, 2009, Dlugokenski responded with a single-sentence email stating, "We will be withdrawing our acceptance." Id. Ex. M.

On February 9, 2010, Hartford Casualty Company ("The Hartford"), another insurance company, accepted KB Home's tenders of defense and issued a payment of $30,000 for KB Home's

5

Case No.: 5:10-CV-02856-EJD
ORDER GRANTING IN PART AND DENYING IN PART TRAVELERS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO KB HOME'S EIGHTH, NINTH, FOURTEENTH AND NINETEENTH AFFIRMATIVE DEFENSES; STRIKING TRAVELERS' REMAINING MOTIONS FOR PARTIAL SUMMARY JUDGMENT; GRANTING KB HOME'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXPERT REPORT

defense in the Aldrich action. See Decl. Jason Y. Chao ¶ 4, Exs. U, CC. Despite repeated requests, The Hartford made no further payments. Decl. Mary Kay Glaspy ¶ 11, Dkt No. 13.

On March 9, 2010, Dlugokenski sent a letter to KB Home advising that Travelers was withdrawing from KB Home's defense. Dlugokenski Decl. ¶ 14, Ex. N. In the letter Dlugokenski stated that:

> Our review of the information received to date reveals an absence of allegations that give rise to a potential of 'property damage' sustained by plaintiffs arising out of the product provided or the work performed by Norcraft. Absent the aforementioned potential of 'property damage', coverage cannot be extended to KB to the above action under the Norcraft policies pursuant to the applicable endorsements. … If you have any information you believe might alter Travelers' position, please send copies of said documentation.

Id.

On May 27, 2010, KB Home filed this action against Travelers for 1) declaratory relief, 2) breach of contract, and 3) breach of the implied covenant of good faith and fair dealing. On June 29, 2010, Travelers answered the complaint and removed the action to this court. See Dkt. No. 1.

On July 8, 2010, Fred Adelman, counsel for the Aldrich plaintiffs, signed a letter stating that "[t]he plaintiffs in this action are pursuing recovery for damages arising out of the cabinets." Chao Decl. Ex. W. Counsel for KB Home supplied this letter to counsel for Travelers and asked that Travelers reconsider its withdrawal. Id. On July 23, 2010, Travelers' counsel informed KB Home that the documentation provided, including the July 8, 2010 letter, was insufficient to trigger a duty to defend and requested documentation demonstrating the existence of covered property damage, such as a preliminary defect list, a statement of claims, or relevant investigation reports. Id. ¶ 7.

On August 4, 2010, KB Home provided the Aldrich plaintiffs' preliminary defect list regarding cabinets, entitled "Aldrich, et al. v. KB Home, et al., Preliminary Defect List." Chao

Decl. ¶ 8, Ex. X. This document consists of a list of defects and resulting damages from Norcraft's work installing cabinetry. The "Defect List" includes damage and wearing to the base, door, drawer, and finish of the cabinets. Id. The "Resulting Damage" includes gouging of drywall and interior painting and cracking and separation of drywall and caulking. Id.

On December 17, 2010, based on the August 4, 2010 defect list, Travelers sent a letter to KB Home in which it "agree[d] to participate in the defense of KB Home as an additional insured from August 4, 2010 forward." Dlugokenski Decl. ¶ 15, Ex. O.  In this letter, Travelers informed KB Home that it was appointing Christian Lucia of Seller Hazard Manning Ficenac & Lucia ("Sellar Hazard") to represent KB Home in the Aldrich action. Travelers added that "[i]f KB Home wishes to continue to retain Glaspy & Glaspy to provide it with a defense it may do so, but at its own expense." Id.

On January 4, 2011, KB Home sent a letter to Travelers stating that Travelers had forfeited any right to control KB Home's defense because it breached its duty to defend KB Home.  Chao Decl. ¶ 9, Ex. Y.  KB Home also stated that Sellar Hazard had "a clear conflict of interest and is currently representing a subcontractor directly adverse to KB Home in a pending construction defect lawsuit entitled Chada v. KB Home, San Joaquin County Superior Court case No. 39–2009–00232688–CU" and that "[u]nder no circumstances will KB Home waive this conflict." Id.

On January 28, 2011, Travelers issued payment of $73,654.54 to KB Home as payment for its one-half share of KB Home's defense fees and costs in the Aldrich action pursuant to its equal shares allocation with The Hartford.  Dlugokenski Decl. ¶ 14, Ex. P.  On July 19, 2011, Norcraft and the Aldrich plaintiffs reached a settlement in the Aldrich action by the terms of which plaintiffs agreed to an issue release related to all cabinet issues, in exchange for the lump sum payment of $30,000.  Decl. Deborah Ann Taylor ¶ 3, Dkt. No. 117.  Travelers claims that it has paid all of KB Home's outstanding fees and costs in the Aldrich action, in the amount of at least $307,086.83.

Dkt. No. 178-1; Decl. Patricia E. Dlugokenski, ¶ 29, Dkt. No. 181. Additionally, The Hartford has paid $30,000. Chao Decl. ¶ 4, Ex. CC.

On February 8, 2012, Travelers again withdrew from KB Home's defense in the Aldrich action. Decl. Mary Kay Glaspy, Ex. 1, Dkt. No. 221-1. In a letter informing KB Home of the withdrawal, Travelers stated that the settlement between Norcraft and the plaintiffs "resolved all liability relating to Norcraft's work," and as such, there were no longer any allegations of resulting property damage arising from Norcraft's work which would give rise to a duty to defend KB Home. Id. KB Home subsequently discovered that the settlement between Norcraft and the Aldrich plaintiffs had not yet been completed and that Travelers was still paying Norcraft's counsel to finalize the settlement. Decl. C. Kendie Schlecht, Ex. 6, Dkt. No. 221-3, 221-4.

### b. Procedural Background

On August 26, 2011, KB Home filed its Motion for Partial Summary Judgment. Dkt. No. 113. Also on August 26, 2011, Travelers filed its Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment. Dkt. No. 106. The court held a hearing for the summary judgment motions on September 30, 2011, and thereafter took those matters under submission. See Dkt. No. 135. After the parties filed their summary judgment motions, on September 16, 2011, the court permitted Travelers to file an amended answer adding counterclaims against KB Home for quasi-contract/reimbursement, unjust enrichment, breach of contract, and declaratory relief. See Dkt. No. 115, 126. The court held a case management conference and issued a revised scheduling order to account for these newly added claims. See Dkt. No. 147. Travelers filed the instant motions for partial summary judgment on June 1, 2012. Dkt. Nos. 169, 174, 178, 182.

Several weeks later, on July 18, 2012, the court issued its Order on the parties' original summary judgment motions. Dkt. No. 220. That Order granted summary judgment in favor of Travelers on KB Home's breach of contract claim, but also granted partial summary judgment to KB Home that Travelers had a duty to defend KB Home as of April 1, 2009, that Travelers

breached that duty, and that Travelers did not cure its breach by late payment. Id. The court also denied Travelers' motion for summary judgment as to KB Home's claim for breach of implied covenant of good faith and fair dealing, and denied its motion for summary judgment that Travelers did not owe a duty at the time it withdrew coverage, that KB Home breached its duty of cooperation, that Travelers never withheld benefits due under the policy, and that Travelers never withheld benefits unreasonably. Id.

## II. LEGAL STANDARD

A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party does not satisfy its initial burden, the nonmoving party has no obligation to produce anything and summary judgment must be denied. Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102–03 (9th Cir. 2000). On the other hand, if the moving party does meet this initial burden, the burden then shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324. The court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324. However, the mere suggestion that facts are in controversy, as well as conclusory or speculative testimony in affidavits and moving papers, is not sufficient to defeat summary judgment. See Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979). Instead, the non-moving party must come forward with admissible evidence to satisfy the burden. Fed. R. Civ. P. 56(c); see also Hal Roach Studios, Inc. v. Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

1    Where the moving party will have the burden of proof on an issue at trial, it must
2    affirmatively demonstrate that no reasonable trier of fact could find other than for the moving
3    party. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).  However, where the
4    nonmoving party will have the burden of proof at trial on a particular issue, the moving party need
5    only point out "that there is an absence of evidence to support the nonmoving party's case."
6    Celotex, 477 U.S. at 325.  Provided there has been adequate time for discovery, summary judgment
7    should be entered against a party who fails to make a showing sufficient to establish the existence
8    of an element essential to that party's case, and on which that party will bear the burden of proof at
9    trial. Id. at 322–23. "[A] complete failure of proof concerning an essential element of the
10   nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

**III.    DISCUSSION**

    **a.  Travelers' Motions for Partial Summary Judgment Re Reasonableness of Travelers' Coverage Decision, Armstrong Election, and Brandt Fees**

KB Home contends that three of Travelers' four motions should not be considered because they could have been brought by the original dispositive motion deadline.  As discussed in the Background section, the court permitted Travelers to amend its answer and file its counterclaims after the original close of discovery and dispositive motion deadline. See Dkt. Nos. 115, 126.  To accommodate the new claims, the court held a case management conference and amended its scheduling order. See Dkt. No. 147.  That order specified that the court would re-open discovery for purposes of the new claims only, and included, inter alia, a new dispositive motion deadline. At the time of this order, the court already had under submission both parties' motions for summary judgment as to the claims and defenses arising out of KB Home's complaint.  In context, it is clear that the court's amended scheduling order applied only to matters regarding the new claims.

Three of Travelers' four motions for partial summary judgment seek orders as to the claims and defenses arising out of KB Home's complaint. Travelers' Motion for Partial Summary Judgment Re Reasonableness of Travelers' Coverage Decision (Dkt. No. 169) reiterates its argument from its original summary judgment motion that a genuine dispute existed at the time it withdrew coverage. Travelers' Motion for Partial Summary Judgment Re Armstrong Election (Dkt. No. 174) concerns whether KB Home breached the duty to cooperate by allegedly refusing to tender its defense to other insurers, and whether KB Home had the right to make an Armstrong election. In its prior summary judgment motion, Travelers similarly argued that KB Home had breached the duty to cooperate on different grounds, but the facts giving rise to Travelers' instant motion were readily available at the time of that motion's briefing. Travelers' Motion for Partial Summary Judgment Re Brandt Fees (Dkt. No. 182) concerns whether Travelers reasonably withheld coverage—a topic covered both by its original summary judgment motion and by one of the concurrent motions for partial summary judgment now pending.

It is clear that all of the facts necessary to Travelers' arguments in these three motions were available prior to the original dispositive motion deadline. In fact, in most cases Travelers has asserted these exact or very similar arguments in its previous summary judgment motion. Furthermore, Travelers has not identified how its counterclaims raise any unique issue in these motions that could not have been resolved by the prior set of summary judgment motions.

The court did not amend the scheduling order to allow the parties additional motion practice as to the original counts, in essence, a second bite at the apple. Accordingly, the court will not consider any motion for partial summary judgment which could have been brought by the original dispositive motion deadline. Travelers' three motions relating to the original claims and defenses—i.e. the Motions for Partial Summary Judgment Re Reasonableness of Travelers' Coverage Determination (Dkt. No. 169), Armstrong Election (Dkt. No. 174), and Brandt Fees (Dkt. No. 182)—therefore are STRICKEN.

Even if the court were to consider these three motions, they would be denied because they present on their face questions of material fact. Travelers' Motion for Partial Summary Judgment Re Reasonableness of Travelers' Coverage Decision presents at least the question of whether Travelers satisfied its duty to thoroughly and fairly investigate KB Home's claim. Travelers' Motion for Partial Summary Judgment Re Armstrong Election suffers from a failure to provide sufficient evidence, and presents questions of fact at least as to whether Travelers made a "request" to KB Home and whether KB Home "refused" to seek or accept coverage from other carriers. Finally, Travelers' Motion for Partial Summary Judgment Re Brandt Fees presents material questions of fact at least as to the reasonableness of Travelers' coverage decision and the reasonableness of the attorney's fees.

### b. KB Home's Affirmative Defenses to Counterclaims

As discussed above, while the parties' previous summary judgment motions were still under submission, Travelers amended its answer and filed counterclaims of quasi-contract, unjust enrichment, breach of contract, and declaratory relief against KB Home. See Dkt. No. 126. KB Home denies the allegations, and asserts twenty-eight affirmative defenses. Dkt. No. 138. Travelers now seeks partial summary judgment as to four of those defenses: the Eighth (breach of insurance contract), Ninth (breach of covenant of good faith and fair dealing), Fourteenth (failure to fulfill contractual obligations), and Nineteenth (Excuse).

After the parties submitted their briefing on the instant motion for summary adjudication, the court issued its Order on the prior summary adjudication motions. Dkt. No. 220. In that Order, the court found that KB Home had failed to prove damages arising from Travelers' breach of the Norcraft Policies, and granted Travelers' summary judgment motion as to KB Home's breach of contract claim. For the same reason, the court must now GRANT Travelers' partial summary judgment motion as to KB Home's Eighth (breach of contract) affirmative defense.

12

Case No.: 5:10-CV-02856-EJD
ORDER GRANTING IN PART AND DENYING IN PART TRAVELERS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO KB HOME'S EIGHTH, NINTH, FOURTEENTH AND NINETEENTH AFFIRMATIVE DEFENSES; STRIKING TRAVELERS' REMAINING MOTIONS FOR PARTIAL SUMMARY JUDGMENT; GRANTING KB HOME'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXPERT REPORT

As to the remainder of Travelers' motion, Travelers relies entirely on the following arguments: (1) Travelers did not breach the Norcraft Policies; (2) KB Home breached the Norcraft Policies by refusing to accept Travelers' appointed counsel; (3) Travelers did not breach the Norcraft Policies when it withdrew coverage, because the duty to defend was not triggered at that time; (4) Travelers has not withheld benefits due under the Norcraft Policies; and (5) Travelers did not withhold benefits unreasonably.

Each of these arguments was rejected by the court in its previous Order. Particularly, the court found that (1) Travelers breached the Norcraft Policies; (2) KB Home did not breach the cooperation clause of the Norcraft Policies by rejecting Travelers' counsel, because Travelers' own actions had divested it of the right to control KB Home's defense; (3) Travelers' duty to defend had been triggered at the time it withdrew; (4) Travelers withheld benefits due under the policy when it breached its duty to provide an immediate defense; and (5) a material issue of fact exists as to whether Travelers withheld benefits unreasonably. See Dkt. No. 220. The court sees no reason to disturb its prior order. Because Travelers relies on no additional arguments to support its Motion for Partial Summary Judgment as to KB Home's Ninth, Fourteenth, and Nineteenth Affirmative Defenses, its Motion is DENIED as to those defenses.

## IV.   ORDER

For the foregoing reasons, the Court:

- GRANTS Travelers' motion for partial summary judgment as to KB Home's Eighth affirmative defense;
- DENIES Travelers' motion for partial summary judgment as to KB Home's Ninth, Fourteenth, and Nineteenth affirmative defenses;
- STRIKES Travelers' Motion for Partial Summary Judgment Re Reasonableness of Travelers' Coverage Determination; Motion for Partial Summary Judgment Re Armstrong Election; and Motion for Partial Summary Judgment Re Brandt Fees;

- GRANTS KB Home's Motion for Leave to File Supplemental Expert Report;
- ORDERS the parties to participate in a further settlement conference with Judge Paul S. Grewal by no later than February 21, 2012. The parties are to contact Judge Grewal's chambers to schedule this conference by no later than Tuesday, January 15, 2013. Individuals with full settlement authority for each party are to attend the conference.

**IT IS SO ORDERED**

Dated: January 11, 2013



EDWARD J. DAVILA
United States District Judge

Case No.: 5:10-CV-02856-EJD
ORDER GRANTING IN PART AND DENYING IN PART TRAVELERS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO KB HOME'S EIGHTH, NINTH, FOURTEENTH AND NINETEENTH AFFIRMATIVE DEFENSES;  STRIKING TRAVELERS' REMAINING MOTIONS FOR PARTIAL SUMMARY JUDGMENT; GRANTING KB HOME'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXPERT REPORT